2007 ME 34

**ARROW FASTENER CO., INC.**

v.

**WRABACON, INC.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 20, 2006.
Decided: March 1, 2007.

Michael D. Traister, Murray Plumb & Murray, Portland, for plaintiff.

Robert E. Sandy Jr., Sherman & Sandy, Waterville, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

SAUFLEY, C.J.

[¶ 1] In this appeal from the entry of a summary judgment in favor of Arrow Fastener Co., Inc., by the Superior Court (Kennebec County, *Marden, J.*), Wrabacon, Inc., argues that there is a genuine issue of material fact regarding the value of a bagging system that Arrow accepted in partial return of a deposit it paid to Wrabacon. Arrow contends that Wrabacon's appeal is frivolous and requests that we impose sanctions. Because we conclude that there is a genuine issue of material fact regarding the value of the bagging system, we vacate the summary judgment and deny Arrow's request for sanctions.

## I.  BACKGROUND

[¶ 2] The parties' statements of material facts reveal that there is little or no dispute regarding the facts that generated the present lawsuit. Wrabacon, a Delaware corporation with its principal place of business in Oakland, Maine, is a manufacturing company that specializes in designing and manufacturing product-handling equipment. Arrow, a New Jersey corporation, obtained a quote of $115,036 from Wrabacon in April 2002 for the custom design and manufacture of a collating system and a custom indexing conveyor system. On April 12, 2002, Arrow forwarded a purchase order and a forty-percent deposit of $46,014 to Wrabacon for the offered systems. Wrabacon agreed that if it could not make the systems operational within ninety days, it would refund all sums that Arrow had paid.

[¶ 3] Despite extensions of the deadline for completion, Wrabacon had not delivered the systems to Arrow by March 2004. On March 3, 2004, Wrabacon agreed to provide Arrow with an update on the project's status by March 5, 2004. If Arrow was not satisfied with the update, Wrabacon would immediately return all deposit money and equipment supplied by Arrow for Wrabacon's use.

[¶ 4] On March 5, Wrabacon requested another extension, proposing to present a new concept to Arrow in thirty days. Arrow granted the extension but indicated that it would not accept any further delays. Wrabacon failed to present a new concept or complete the project within thirty days.

[¶ 5] Arrow terminated the contract by letter dated April 12, 2004, citing Wrabacon's failure to perform its obligations. Arrow demanded that Wrabacon return its deposit, as well as certain parts and machinery it had given to Wrabacon for use in the project. Wrabacon did not return the deposit, parts, or machinery. Arrow made further demand of Wrabacon on June 7, 2004.

[¶ 6] Three days later, Wrabacon notified Arrow that it would return Arrow's

equipment and deposit the following week. Around this time, the parties also agreed that, as part of the refund, Wrabacon would deliver to Arrow a Sharp bagging system that Wrabacon had purchased for the project.

[¶ 7] Wrabacon delivered the Sharp bagging system to Arrow and, on July 15, 2004, sent Arrow a letter with a check for $4,807. In the letter, Wrabacon indicated that it was deducting from Arrow's deposit of $46,014 a $23,007 "[p]roject cancellation charge," as well as the value of the bagging system, which it stated was $18,200. Arrow immediately notified Wrabacon that it expected to be paid an additional $23,007 to make up the full difference between the amount of the deposit, and the combined value of the Sharp bagging system and the $4,807 check.

[¶ 8] Arrow made additional demands for the money but ultimately filed a complaint for breach of contract, unjust enrichment, and conversion in the Superior Court. Wrabacon filed an answer and an affirmative defense of accord and satisfaction.

[¶ 9] Arrow moved for summary judgment. The parties' statements of material facts and supporting evidence, submitted pursuant to M.R. Civ. P. 56(h), demonstrate their dispute regarding the value of the Sharp bagging system that Wrabacon delivered to Arrow in partial repayment of Arrow's deposit.

[¶ 10] In its statement of material facts, Wrabacon stated that the Sharp bagging system was worth $33,347.64, not $18,200, because its value included the cost of the equipment, plus the cost of labor to assemble the system. To support its calculations, Wrabacon presented authenticated purchase orders for various pieces of equipment and an affidavit from its president. One purchase order predated Wrabacon's quote to Arrow. This purchase order evidenced Wrabacon's purchase of a "SHARP BPS–2 STANDARD FRAME" and other equipment for the total price of $13,537.60.

[¶ 11] In Arrow's reply statement, it disputed the value of the bagging system and referred to an attached affidavit from its vice president of manufacturing. The affidavit asserted that the bagging system did not require assembly and that Wrabacon's purchase order for the Sharp bagging system demonstrated that the system was worth only $13,537.60—an amount less than the $18,200 value Wrabacon had initially claimed in its July 15, 2004, letter.

[¶ 12] The following table highlights how the three different statements of the bagging system's value would affect the amount owed to Arrow to return the full value of its deposit:

|  | Arrow's Initial Statement of Material Facts | Wrabacon's Opposing Statement of Material Facts | Arrow's Reply Statement of Material Facts |
|---|---|---|---|
| Amount of Arrow's Deposit | $46,014.00 | $46,014.00 | $46,014.00 |
| Value of Bagging System | $18,200.00 | $33,347.64 | $13,537.60 |
| Check to Arrow from Wrabacon | $ 4,807.00 | $ 4,807.00 | $ 4,807.00 |
| **Asserted Amount Owed to Arrow** | **$23,007.00** | **$ 7,859.36** | **$27,669.40** |

[¶ 13] Based on this record, the court granted Arrow's motion for summary judgment. Although the court acknowledged a disagreement about the value of the Sharp bagging system, it concluded that Wrabacon had failed to raise a genuine issue of material fact. The court found that the purchase order for equipment worth $13,537.60 was close enough in time to the contract to constitute "a reasonable price for the equipment." The court found that the additional purchase orders were "easily discredited by Arrow's claims that the purchase orders supposedly in reference to the Sharp bagging system [were] either out of date regarding the contract, or [were] not specific to the Arrow project."

[¶ 14] The court calculated Arrow's damages at $27,669.40 and stated, "[T]he court would not be usurping the role of fact finder by coming to this conclusion; rather, Wrabacon has not successfully demonstrated that there is a material factual dispute." Wrabacon timely appealed from the court's entry of summary judgment.

## II.   DISCUSSION

[¶ 15] We review the grant of a summary judgment de novo, viewing all facts in the light most favorable to the nonmoving party. *Penn v. FMC Corp.*, 2006 ME 87, ¶ 6, 901 A.2d 814, 815. A summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by subdivision (h) show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to a judgment as a matter of law." M.R. Civ. P. 56(c). In examining the statements of material facts submitted pursuant to subdivision (h), "[a] genuine issue of mate-

rial fact exists when the evidence requires a fact-finder to choose between competing versions of the truth." *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504, 507. An issue of fact is material if it "could potentially affect the outcome of the suit." *Id.*

[¶ 16] Although a summary judgment court may believe that one party's offered proof is more persuasive, a fact-finder, rather than a court acting on a motion for summary judgment, is responsible for weighing the evidence to decide between the "competing versions of the truth." *Id.*; *see Levesque v. Chan*, 569 A.2d 600, 601 (Me.1990) ("[O]n a motion for summary judgment the sole function of the presiding justice is to determine whether there is a disputed factual issue, not to decide such an issue if found to exist."). When acting on a motion for summary judgment, "evidentiary inferences based on credibility or weight are impermissible," *Emerson v. Sweet*, 432 A.2d 784, 785 (Me.1981), and if any ambiguities exist, they are resolved in favor of the party against whom summary judgment was entered, *Beaulieu v. Aube Corp.*, 2002 ME 79, ¶ 2, 796 A.2d 683, 685.

[¶ 17] Even when one party's version of the facts appears more credible and persuasive to the court, a summary judgment is inappropriate if a genuine factual dispute exists that is material to the outcome. *See Emerson*, 432 A.2d at 787 n. 6; *see also Dechert v. Me. Ins. Guar. Ass'n*, 1998 ME 127, ¶ 9, 711 A.2d 1290, 1292 (vacating a summary judgment when a factual dispute existed that required the court to assess the weight and credibility of evidence); *Fisherman's Wharf Assocs. II v. Verrill & Dana*, 645 A.2d 1133, 1136 (Me.1994) (vacating a summary judgment when the court impermissibly assessed the weight and credibility of evidence). "Thus,

the failure of proof, not the relative weight assigned to evidence should control the Court's disposition of the motion." *Emerson*, 432 A.2d at 787 n. 6. "If material facts are disputed, the dispute must be resolved through fact-finding, even though the non-moving party's likelihood of success is small." *See Despres v. Moyer*, 2003 ME 41, ¶ 11, 827 A.2d 61, 64 (quotation marks omitted).

■■ [¶ 18] All of these formulations can be reduced to one basic principle: although summary judgment is no longer an extreme remedy, it is not a substitute for trial. *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 21–22. It is, at base, "simply a procedural device for obtaining judicial resolution of those matters that may be decided without fact-finding." *Id.* If facts material to the resolution of the matter have been properly placed in dispute, summary judgment based on those facts is not available except in those instances where the facts properly proffered would be flatly insufficient to support a judgment in favor of the nonmoving party as a matter of law. *See Bouchard v. Am. Orthodontics*, 661 A.2d 1143, 1144–45 (Me.1995).

■ [¶ 19] In the matter before us, each party disputed the value that the other had placed on the bagging system, and each party properly presented facts in support of its differing assertion of the value. The factual dispute over the bagging system's value is material to each of Arrow's causes of action because a fact-finder must determine that value to calculate the amount of recovery before the court may properly enter a judgment, whether the measure of recovery is based on the amount Wrabacon owes pursuant to the parties' agreement, *see Deering Ice Cream Corp. v. Colombo, Inc.*, 598 A.2d 454, 456–57 (Me.1991); the amount by which Arrow alleges that Wrabacon was unjustly enriched, *see Steel Serv. Ctr. v. Prince Macaroni Mfg. Co.*, 438 A.2d 881, 882 (Me.1981); or the amount that Arrow asserts that Wrabacon converted, *see Bradford v. Dumond*, 675 A.2d 957, 962 (Me.1996). The motion court apparently found the evidence presented by Arrow to be much more persuasive; however, because there is a genuine issue of material fact regarding the value of the bagging system, we conclude that the court erred in entering a summary judgment, and we remand the matter for further proceedings. *See* M.R. Civ. P. 56(c).[1] We decline to impose sanctions against Wrabacon.

The entry is:

Summary judgment vacated. Remanded for further proceedings. Request for sanctions denied.

---

1. Wrabacon has also argued that Arrow cannot recover on any of its claims as a matter of law. On the record before us, we cannot conclude that it is impossible for Arrow to recover pursuant to any of the three theories of recovery: breach of contract, unjust enrichment, or conversion.