STATE OF MAINE                                        SUPERIOR COURT
                                                        CIVIL ACTION
YORK, ss.                                          DOCKET NO. RE-07-24


DONALD ROCHE, et al.,

           Plaintiffs


v.                                    ORDER


WILLILAM F. ELLIOTT, et al.,

           Defendants


This case comes before the Court on cross-motions for summary judgment pursuant to M.R. Civ. P. 56. Following hearing, both motions are Denied.

## BACKGROUND

The issue before the Court is whether Plaintiffs Donald Roche and Margaret Roche (Plaintiffs) obtained title to a certain parcel of land by adverse possession or, alternately, by abandonment. Plaintiffs are residents of Massachusetts and obtained title to property (lot 2) located on Mousam Lake in Shapleigh, Maine in March 2002 by warranty deed. The perimeters of lot 2 are designated in the deed by reference to a 1938 plan entitled "Mousam Grove Extension" filed in the York County Registry of Deeds (1938 Plan). Def. SMF ¶ 3. The disputed parcel lies between lots 2 and 3 (Disputed Parcel) and is designated on the 1938 Plan as a right-of-way.

The Defendants in this case are various neighbors (collectively "Defendants") who seek to establish their continuing right to use the Disputed Parcel to access Mousam Lake. Some of the Defendants live within Mousam Grove Extension, while others live outside of Mousam Grove.

Specifically in dispute is whether Plaintiffs and their predecessors in interest have exclusively used the Disputed Parcel for at least twenty years, or whether Plaintiffs' use was interrupted by regular use of the Disputed Parcel by Defendants to access Mousam Lake.

## DISCUSSION

### I.      Standard of Review

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22.

Each party must support its material facts by record citation. M.R. Civ. P. 56(h)(1).

> [T]he factual basis to support or oppose a motion for summary judgment can be provided  by (i) any under oath statement including affidavits, interrogatory responses, depositions, and hearing transcripts; or (ii) any other document that would have evidentiary significance in a trial, such as a stipulation, a public record, a response to requests for admissions, or an authentic but unsworn statement by a party opponent.

Alexander, *The Maine Rules of Civil Procedure with Advisory and Committee Notes* § 56.1.6(F)  231 (2006). [1]

---

[1]      The opposing party may not "rest upon the mere allegations or denials of that party's pleading, but must respond by affidavits or as otherwise provided by this rule, setting forth specific facts showing that there is a genuine issue for trial." M.R. Civ. P. 56(e).

"Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R Civ. P. 56(h)(4). The court is entitled to disregard any "statement of fact not supported by a specific citation to the record . . .." *Id.* At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

## II.   Adverse Possession

Both parties move for summary judgment asserting that there are no material facts in dispute regarding the exclusivity of Plaintiffs' use of the Disputed Parcel and therefore the Court should declare either ownership or access rights as a matter of undisputed fact. To obtain title by adverse possession, the moving party has the burden to "prove by a preponderance of the evidence that its possession and use of the property were" actual, open visible, notorious, hostile, under claim of right, continuous, exclusive, and "of a duration exceeding the twenty-year limitations period." *Striefel v. Charles-Keyt-Leaman Partnership*, 1999 ME 111, ¶ 6, 733 A.2d 984, 989 (citations omitted). "Whether specific acts are sufficient to establish the elements of adverse possession can only be resolved in light of the nature of the land, the uses to which it can be put, its surroundings, and various other circumstances." *Id.*

Whether or not title has passed by adverse possession is a "mixed question of law and fact." *Id.* ¶ 7, 733 A.2d at 989. The trial court must determine the facts of the case and then determine, as a matter of law, "what acts of dominion will result in creating title by adverse possession." *Id.*

In this case, Defendants attached multiple affidavits of individuals who assert that they have used the Disputed Parcel, as a matter of right, repeatedly over the years. Plaintiffs counter that those affidavits are not sufficient to refute the multiple affidavits

3

attached to Plaintiffs' opposition and cross-motion for summary judgment. *See* Pl. Op. MSJ at 6. "[A]lthough summary judgment is no longer an extreme remedy, it is not a substitute for trial." *Arrow Fastener co. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 18, 917 a.2d 123, 127 (*citing Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 21-22. At summary judgment the Court must determine if there is "sufficient evidence [that] requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. Sworn affidavits, based on personal knowledge, are sufficient evidence at summary judgment. *See* M.R. Civ. P. 56(e). Accordingly, material facts are in dispute as to whether Plaintiff has established the elements of adverse possession.

### III. Summary Judgment Against Defendants Living Outside Mousam Grove

Plaintiffs move for summary judgment against those living outside Mousam Groves subdivision asserting that they have asserted no right to access the Disputed Parcel. However, Plaintiffs have put forth no evidence that would exclude non-residents from use of the Disputed Parcel. Accordingly, there is no evidence in the record upon which the court, as a matter of law, can make such a judgment.

### CONCLUSION

Summary judgment on the adverse possession claim is denied as to all parties.

The cross-motions for summary judgment are denied.

The clerk may incorporate the order in the docket by reference.


Dated:　　　March 7 , 2008

G. Arthur Brennan
Justice, Superior Court

4

Frances Lindemann, Esq. - PLS
Joseph Lenkowski. Esq. - DEFS. ELLIOTT, DEMERS, VENNARD, PALMQUIST, GAUVREAU, JOY.
                          WHITNEY, MCFARLAND, EATON, CASSERLY, OUELLETTE.
Donna Johnson, Esq. -     DEFS. RIDING, KINCH & GOLDIE.
Dean Bouffard. Esq. -     DEF. HENRY MARTIN
William Kany. Esq. -      DEFS. HOWLEY, BERGHORN
Andrea Najarian, AAG -    DEF. STATE OF MAINE, DEPT. OF HUMAN SERVICES
Pro se Defs. (23)