STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. CV-07-277

PAUL HALE,
                          Plaintiff
                                                  ORDER ON DEFENDANT'S
v.                                                MOTION FOR
                                                  SUMMARY JUDGMENT
R.C. HAZELTON, INC.,
                          Defendant


        Before the Court is Defendant R.C. Hazelton, Inc.'s Motion for Summary

Judgment on all counts of Plaintiff Paul Hale's Complaint.

                                  **BACKGROUND**

        Defendant R.C. Hazelton, Inc. ("Hazelton") is a New Hampshire

corporation that deals in new and used construction equipment. Hazelton has a

location in Cumberland, Maine. In March 2005, Plaintiff Paul Hale ("Hale")

entered into an agreement with Hazelton to rent a Komatsu excavator at the

price of $5,500.00 per month plus Maine sales tax.[1] The parties disagree whether

there was an oral agreement at the time the rental agreement was executed for

Hale to have the option to purchase the excavator for the quoted price of

$139,000.00 less 80% of the rental payments made. There is no dispute that this

language does not appear in the written rental agreement, but Hale asserts that

an oral option was given. Hazelton disagrees.

        There is no dispute that Hale then fell behind in his rental payments,

causing Hazelton to repossess the excavator in September 2005. After paying all

_____

[1] It appears that Hale may have also rented a second excavator from Hazelton
from April 2005 to September 2005.

back rent owed, Hale and Hazelton executed a new rental agreement for the excavator in October 2005. The parties also concede that around the time of the execution of the new rental agreement, Hazelton provided Hale with a quote to purchase the excavator for the price of $139,000.00 minus 80% of any rental payments Hale made.

In December 2005, the parties entered into another rental agreement for a bulldozer. Hazelton concedes that Hale had expressed interest in purchasing the excavator and bulldozer throughout the time he was renting the equipment. Gene Fadrigon ("Fadrigon"), a Hazelton salesman, had Hale fill out a credit application to try to obtain financing through Komatsu, the manufacturer. Fardigon later informed Hale that his credit application had been denied and that no other financing source could be found. Hale stated that he could find his own financing and requested that Hazelton fax a quote for the purchase of the excavator and bulldozer to William Donahue ("Donahue"), who Hale believed would provide financing. Hazelton faxed the quote as requested. Fadrigon then had various conversations with Steve Kenney ("Kenney"), an employee at Donahue's business who was authorized to speak to Hazelton regarding the excavator. Hazelton states that Fadrigon's conversations with Kenney revealed that Donahue was contemplating purchasing the equipment himself and never offered to provide financing for Hale. Hale disagrees and asserts that Fadrigon did a "complete turnaround" during one of his conversations with Kenney and told Kenney that the excavator was already under contract to be sold to a third party and that he (Fadrigon) considered the excavator to have been stolen by Hale.

2

Hale also asserts that at this time (February 2006), he was not in arrears on his rental payments and that no one from Hazelton ever notified him that he was. Moreover, Hale argues, Hazelton often accepted late payments and had never previously demanded return of the equipment or reported the items stolen.

After Donahue declined to purchase the equipment, Hazelton asserts that it demanded that Hale return the equipment. After Hale failed to comply with this demand, Hazelton decided to contact law enforcement officials to assist in the recovery of the excavator and bulldozer. On February 21, 2006, Randy Mace ("Mace"), Hazelton's general manager, went to the Maine State Police barracks in Gray, Maine where he was directed to the Cumberland Police Department (the Hazelton facility is located in Cumberland, Maine). Mace went to the Cumberland Police Department and met with Sergeant Bradley Rogers. Hazelton maintains that at this time, it was not seeking to pursue charges against Hale; it merely sought assistance in recovering the excavator and bulldozer. Hale disagrees with this characterization of Hazelton's intent.

Sergeant Rogers spoke with Hale on February 21, 2006 and Hale promised to return the bulldozer, but not the excavator. Neither was ever returned. On February 27, 2006, Sergeant Rogers contacted Mace and was informed that Hale had not yet returned the equipment. On March 1, 2006, Sergeant Rogers decided to charge Hale with theft by unauthorized taking or transfer under 17-A M.R.S.A. § 353 and he contacted the Cumberland County District Attorney's Office in order to obtain an arrest warrant for Hale, but was allegedly told that no arrest warrant was needed. On the same day, Sergeant Rogers traveled to Hale's residence in Scarborough, Maine and arrested Hale at his home with his

3

wife and children present. No representative from Hazelton was present at the arrest. At the time of his arrest, Hale informed Sergeant Rogers that he had returned the bulldozer earlier that day; the excavator had not been returned. Hale was booked and released later that night. The charges against him were later dropped.

On May 1, 2006, Attorney Frank Chowdry contacted Hazelton on behalf of Hale seeking to purchase the excavator. Hazelton responded by having its attorney forward a quote for the purchase of the excavator to Attorney Chowdry. Hazelton followed up with Attorney Chowdry on June 8, 2006 to determine whether Hale would purchase or return the excavator. Hazelton alleges that Attorney Chowdry indicated that Hale was no longer interested in purchasing the excavator. Hale states that Attorney Chowdry made no such indication.

On May 17, 2007, Hale filed a Complaint asserting the following counts: breach of contract, defamation, false imprisonment, malicious prosecution and punitive damages. Hazelton counterclaimed for breach of contract and/or quantum meruit for Hale's alleged failure to make timely rental payments. Hazelton now seeks summary judgment on all counts of Hale's Complaint.

## STANDARD OF REVIEW

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Arrow Fastener Co., Inc. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 15, 917 A.2d 123, 126. "A court may properly enter judgment in a case when the parties are not in dispute over the [material] facts, but differ only as to the legal conclusion to be drawn from these facts." *Tondreau v. Sherwin-Williams Co.*, 638 A.2d 728, 730 (Me. 1994). A genuine issue of material fact exists "when the

4

evidence requires a fact-finder to choose between competing versions of the truth." *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93 ¶ 9, 878 A.2d 504, 507. An issue of fact is material if it "could potentially affect the outcome of the suit." *Id.* An issue is genuine if "there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179. If ambiguities exist, they must be resolved in favor of the non-moving party. *Beaulieu v. The Aube Corp.*, 2002 ME 79, ¶ 2, 796 A.2d 683, 685.

In response to a defendant's motion for a summary judgment, a plaintiff having the burden of proof at trial must produce evidence that, if produced at trial, would be sufficient to resist a motion for judgment as a matter of law. *Northeast Coating Technologies, Inc. v. Vacuum Metallurgical Co., Ltd.*, 684 A.2d 1322, 1324 (Me. 1996). This requires the plaintiff to establish a prima facie case for each element of the cause of action. *Id.*

## DISCUSSION

Hazelton argues that it is entitled to summary judgment on all counts of Hale's Complaint. The Court disagrees. While the Court finds that Hazelton is entitled to judgment as a matter of law on Hale's defamation and false imprisonment counts, summary judgment is inappropriate on the remaining counts because there remain genuine issues of material fact in dispute.

## I.    Defamation Count

The elements of defamation are: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of

5

special harm caused by the publication. *Cole v. Chandler*, 2000 ME 104, ¶ 5, 752 A.2d 1189, 1193. In the instant case, Hale has not presented any evidence to support his assertion that Hazelton made a "false and defamatory statement" about him. The only evidence cited by Hale is the following exchange that occurred at the deposition of Sergeant Rogers:

Q.   And so you understood from the minute Mr. Mace came to see you, [sic] that he was reporting a crime, correct? He wasn't asking you to repossess a vehicle.

A.   No, he wasn't.

Q.   Was he there to report a crime?

A.   Yes.

Deposition of Sergeant Rogers, page 80, lines 1-6. The answers given by Sergeant Rogers merely demonstrate what he believed was occurring when Mace came to speak with him; they do not provide evidence of any false statement uttered by Hazelton against Hale. As this evidence is insufficient and as Hale offers no other evidence to support his claim that Hazelton made a false and defamatory statement about him, summary judgment is granted to Hazelton on this count.

II.   **False Imprisonment Count**

The elements of the claim of false imprisonment are (1) an act(s) intending to confine another within boundaries fixed by the actor; (2) such act(s) directly or indirectly results in confinement of the other; and (3) the other is conscious of the confinement or is harmed thereby. Restatement (Second) of Torts § 35 (1965). In Maine, a private party who causes another's arrest can be liable for false imprisonment if he assists a law enforcement official in making an arrest or otherwise instigates the officer to enforce a warrant. *Holland v. Sebunya*, 2000 ME 160, ¶ 19, 759 A.2d 205, 212. The Law Court has stated, however, that such

6

liability "generally would require some action on the part of [the actor], such as physically assisting the officer." *Id.* The Law Court stated that "[t]he distinction is between those who attempt to invoke the legal process as opposed to those who seek to interpose themselves in conflict; although the former can be liable for malicious prosecution where they abuse the legal process, they are not liable for false imprisonment." *Id.*

Even taking the facts solely as offered by Hale, Hazelton is entitled to summary judgment on the false imprisonment count. Indeed, there is no dispute that no employee or representative from Hazelton accompanied Sergeant Rogers when he arrested Hale. Hazelton did nothing more than "invoke the legal process," which the *Holland* court clearly stated is not sufficient to sustain a false imprisonment claim.[2]

## III.  Remaining Counts

A motion for summary judgment must be denied if there "are competing versions of the truth" that involve genuine issues of material facts. *Lever*, 2004 ME 35, ¶ 2, 845 A.2d at 1179. And though a court may believe that one party's offered proof is more persuasive, it is the responsibility of a fact-finder, and not a court acting on a motion for summary judgment, to weigh the evidence and render a decision. *Arrow Fastener*, 2007 ME 34, ¶ 16, 917 A.2d at 126. Indeed, on a motion for summary judgment, the "sole function of the presiding justice is to

---

[2] The parties disagree significantly about whether various comments found in the Restatement (Second) of Torts § 45A (1965) support or undermine Hale's false imprisonment claim. As the Law Court has offered a clear standard for the determination of false imprisonment claims, however, this Court need not and does not rely on the respective Restatement comments argued by the parties in deciding to grant summary judgment to Hazelton on the false imprisonment count.

determine whether there is a disputed factual issue, not to decide such an issue if found to exist." *Id.,* quoting *Levesque v. Chan,* 569 A.2d 600, 601 (Me. 1990). "If facts material to the resolution of the matter have been properly placed in dispute, summary judgment based on those facts is not available except in those instances where the facts properly proffered would be flatly insufficient to support a judgment in favor of the nonmoving party as a matter of law." *Arrow Fastener,* 2007 ME 34, ¶ 18, 917 A.2d at 127; *see also Bouchard v. Am. Orthodontics,* 661 A.2d 1143, 1144-45 (Me. 1995).

In the words of the *Lever* court, "competing versions of the truth" exist in the instant case. With respect to the breach of contract claim, the parties disagree not only as to whether there was in fact a breach, but also whether there was even a contract. There is no dispute that the rental agreement does not contain language granting Hale an option to purchase the excavator. However, the rental agreement also does not contain an integration clause, meaning that evidence of an oral agreement between the parties as to Hale's right to purchase is admissible. Based on these competing facts, the Court must deny summary judgment on the breach of contract claim.

In order to prevail on a claim of malicious prosecution, Hale must show that the theft charge brought against him was "(1) instituted [or continued] against [him] without probable cause, (2) with malice, and (3) that [he] received a favorable termination of the proceedings." *Holland,* 2000 ME 160, ¶ 20, 759 A.2d 205, 212-13 (quoting *Gray v. State,* 624 A.2d 479, 483 (Me. 1993) [brackets in original]). Hale contends that Hazelton lacked probable cause to go to the police because Hale rightfully possessed the excavator pursuant to the rental agreement and because Hale held an option to purchase the excavator, which he was

8

attempting to exercise during February 2006. Hazelton asserts that Hale was in arrears on his rental payments and had ignored its demand to return the excavator. These are facts in dispute that go to the issue of probable cause. There are similarly factual disputes as to malice, if any, on the part of Hazelton. Hale generally asserts that Hazelton wanted to sell the excavator to a third party and was looking to remove him from the picture. Hazelton denies this claim and asserts that it was merely exercising its rights under the rental agreement. These issues are properly within the province of the trier of fact and do not permit summary judgment at this time.

Finally, as the Court declines to enter summary judgment on the breach of contract and malicious prosecution counts, it denies summary judgment on Hale's punitive damages count. Punitive damages can be awarded on tortious conduct if the tortfeasor acted with malice. *Waxler v. Waxler*, 1997 ME 190, ¶ 15, 699 A.2d 1161, 1165. "Punitive damages are available if the plaintiff can establish by clear and convincing evidence that the defendant's conduct was motivated by actual ill will or was so outrageous that malice is implied." *Id.* (quoting *Fine Line, Inc. v. Blake*, 677 A.2d 1061, 1065 (Me. 1996). The parties disagree as to Hazelton's intent and motivation in contacting the police and the evidence conflicts as to which party's interpretation is correct. As such, this Court cannot grant summary judgment on the punitive damages claim.

Therefore, the entry is:

> Defendant R.C. Hazelton's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART. Defendant's Motion is GRANTED with respect to Counts II (defamation) and III (false imprisonment) of Plaintiff Paul Hale's Complaint. Defendant's

9

Motion is DENIED with respect to Counts I (breach of contract), IV (malicious prosecution) and V (punitive damages).

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _____ day of _____, 2008.

Robert E. Crowley
Justice, Superior Court

10

MICHAEL MARTIN ESQ
BRADFORD PATTERSHALL ESQ
PETRUCCELLI MARTIN & HADDOW
PO BOX 17555
PORTLAND ME 04112-8555

H PETER DEL BIANCO ESQ
LAMBERT COFFIN
PO BOX 15215
PORTLAND ME 04112