STATE OF MAINE  
CUMBERLAND, ss.

SUPERIOR COURT  
CIVIL ACTION  
DOCKET NO: CV-09-637  
JAW – CUM – 6/4/2012

KAMCO SUPPLY CORP. OF BOSTON

Plaintiff

v.

JENKINS, INC. D/B/A JENKINS  
DRYWALL, CATHY JENKINS, and  
FLOYD JENKINS

Defendants

STATE OF MAINE  
Cumberland, ss

JUN 04 2012

RECEIVED

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Before the court is the plaintiff's Motion for Summary Judgment on Count V of the Amended Complaint. This motion was granted against defendants Jenkins, Inc. and Cathy Jenkins on March 29, 2011. An entry of default and default judgment, entered against defendant Floyd Jenkins on May 10, 2011, were set aside by this court, pursuant to M.R. Civ. P. 60(b), on January 25, 2012. Per that Order, this court granted Floyd Jenkins 45 days to respond to the plaintiff's motion for summary judgment. Mr. Jenkins did so respond and the plaintiff has filed a reply memorandum. For the reasons that follow, the court denies the motion.

## BACKGROUND

This case arises out of a credit agreement between Kamco Supply Corp. of Boston ("Kamco"), a supplier of commercial building products and Jenkins, Inc. d/b/a Jenkins Drywall ("Jenkins") to supply commercial building products and related services to Jenkins on credit. Cathy Jenkins ("Cathy"), a principal of Jenkins personally guaranteed Jenkins' credit. Kamco alleges that Jenkins failed

1

to act in accordance with the terms of the credit agreement and, consequently, has sought payment from Jenkins for products and services rendered, plus interest. Kamco also has sought payment from Cathy, as guarantor of the debt.

Kamco brought suit against Jenkins and Cathy in Androscoggin County Superior Court in 2007 (CV-07-157) on these claims. Pursuant to M.R. Civ. P. 16B the parties engaged in mediation on June 4, 2008 and entered into a Settlement Agreement disposing of those claims brought. Floyd Jenkins ("Floyd"), also a principal of Jenkins, was a signatory to this Settlement Agreement. A failure to comply with the terms of the Settlement Agreement led to parties to attend another mediation session in July 2009. With the claims still unresolved, Kamco now brings this case on several counts, including breach of the Settlement Agreement, Count V, which is the subject of this Motion for Summary Judgment.

## DISCUSSION

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653. An issue of "fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Inkell v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745 (*quoting Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178). "Even when one party's version of the facts appears more credible and persuasive to the court," summary judgment is inappropriate because the court may not weigh the evidence presented. *Arrow Fastener Co., Inc. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 17, 917 A.2d 123. In considering a motion for summary judgment, the court should view the facts in the light most favorable to the non-moving party, and the court is required to consider only the portions of

2

the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99, ¶ 8, 800 A.2d 702.

The Plaintiff is seeking a judgment against Floyd in the amount of $93,632.76 plus pre- and post-judgment interest at the rate of eighteen percent and attorney's fees and costs. Count V of the Amended Complaint also seeks a first mortgage on certain property located on Route 105 in Andover, Maine, a second mortgage on certain residential property at 111 East Avenue in Lewiston, Maine (per paragraph 3 of the Settlement Agreement), and transfer of title by warranty deed of the Andover property (per paragraph 5 of the Settlement Agreement). In the intervening time, the Defendants have transferred title to three properties in Augusta and Andover (Def. Add'l. SMF ¶¶ 21-25) and the Plaintiff apparently no longer requests mortgages on or title to any of the defendants' properties.

Defendant Floyd asserts that the transfer of these three properties was in full satisfaction of the Settlement Agreement, per the agreement reached between the parties in the July 2009 mediation ("2009 Agreement"). (Def. Add'l. SMF ¶¶ 20, 26.) Kamco does not dispute that the parties went to mediation in July 2009 in an attempt to come to agreement regarding compliance with the Settlement Agreement but does dispute that any further agreement was reached. (Pl. Reply SMF ¶ 20.)

To prove the affirmative defense of accord and satisfaction, Floyd must prove that it was the intent of both parties that the amount tendered and received was in full satisfaction of the amount owed. *Pelletier v. Pelletier*, 2012 ME 15, ¶ 18, 36 A.3d 903. The evidence put forth by Floyd is sufficient evidence to support the fact that the 2009 Agreement to convey the three parcels of land

3

was in full satisfaction of the debt owed and, because both parties made that agreement, that it was the intent of Kamco as well as the defendants. (Def. Add'l. SMF ¶¶ 20, 26.) Although Floyd's Affidavit in support of his statements of material facts only states that he believed that the tender of those deeds *should* satisfy the debt (Floyd Aff. ¶¶ 10, 13), Cathy's Affidavit also is offered in support of these statements of fact and her affidavit unequivocally states that the 2009 mediation resulted in an agreement, superseding the 2008 Settlement Agreement, that was intended to fully satisfy the debt owed (Cathy Aff. ¶ 6). There is other evidence that tends to contradict this statement (Pl. Reply SMF ¶ 20; Cathy Aff. Ex. 2&3; Floyd Aff. Ex. 2&3), however, a genuine issue of material fact has been generated, precluding summary judgment.

**The entry is:**

Plaintiff's Motion for Summary Judgment on Count V of the Amended Complaint is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: June 4, 2012

_____
Joyce A. Wheeler
Justice, Superior Court

4

K OF COURTS
berland County
y Street, Ground Floor
and, ME 04101

MICHAEL DUBOIS ESQ
588 MAIN ST
LEWISTON ME 04240

K OF COURTS
berland County
y Street, Ground Floor
and, ME 04101

SUSAN SZWED ESQ
PMB 815
PO BOX 9715
PORTLAND ME 04104-5015