STATE OF MAINE                                   SUPERIOR COURT
AROOSTOOK, ss.                                   CIVIL DIVISION
                                                 DOCKET NO. RE-15-44

                                        )
TD BANK, N.A. f/k/a Banknorth, N.A.,    )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )    **ORDER AND DECISION ON PLAINTIFF'S**
                                        )    **MOTION FOR SUMMARY JUDGMENT**
MISTIE CANNON and RICKY D.              )
CANNON,                                 )
                                        )
        Defendants.                     )

Before the court is plaintiff TD Bank's motion for summary judgment in a foreclosure

action against defendants Mistie and Ricky Cannon. Having reviewed the parties' filings and

their respective arguments, and for the reasons stated below, plaintiff's motion to for summary

judgment is DENIED. [1]

## BACKGROUND

The following facts, viewed in the light most favorable to plaintiff as the non-moving

party, are undisputed and established in the summary judgment record.

On July 30, 2004, defendants Mistie and Ricky Cannon executed and delivered to

plaintiff TD Bank a note in the amount of $45,000.00, which was secured by a mortgage on the

property located at 14 Wilder Street, Washburn, Maine, and recorded in the South Aroostook

County Registry of Deeds in Book 4007, Page 101. (Supp'g S.M.F. ¶¶ 7-8.) TD Bank alleges it

is, and has been since the inception of the loan's origination, the holder of the note and the

mortgage. (Id. ¶ 12.)

---

[1] As discussed with counsel at the hearing held August 2, 2017, a denial of summary judgment is
in no way indicative of the outcome at trial, where Plaintiff would have a live witness to lay the
appropriate foundation for admission of business records.

1

On February 7, 2014, the Cannons executed and delivered to TD Bank a loan modification agreement, which provided a fixed interest rate and set the monthly principal and interest payments at $333.76. (Id. ¶ 13.) TD Bank alleges that the Cannons failed to make the September 2014 payment and all subsequent payments. (Id. ¶ 15.)

On September 3, 2015, TD Bank sent a right to cure notice to the Cannons, which TD Bank alleges was in compliance with 14 M.R.S. § 6111. (Id. ¶ 16.) The Cannons have not cured their payment default. (Id. ¶ 20.)

The parties participated in mediations on April 27, 2016, and November 8, 2016, but have not resolved the case. (Id. ¶ 29.)

DISCUSSION

Under M.R. Civ. P. 56, summary judgment is appropriate when review of the parties' statements of material facts and record evidence to which the statements refer, considered in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact that is in dispute and the moving party is entitled to judgment as a matter of law. Beal v. Allstate Ins. Co., 2010 ME 20, ¶ 11, 989 A.2d 733. A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between two competing versions of the facts. Stewart-Dore v. Webster Hosp. Ass'n, 2011 ME 26, ¶ 8, 13 A.3d 773. The evidence offered to establish a dispute as to material fact, submitted in opposition to a motion for summary judgment, "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating." Estate of Smith v. Cumberland Cnty., 2013 ME 13, ¶ 19, 60 A.3d 759.

When acting on a motion for summary judgment, a court may not make inferences based on credibility or weight of the evidence. Arrow Fastener Co. v. Wrabacon, Inc., 2007 ME 34, ¶

2

16, 917 A.2d 123 (citing Emerson v. Sweet, 432 A.2d 784, 785 (Me. 1981)). A party who moves for summary judgment is entitled to a judgment only if the party opposing the motion, in response, fails to establish a prima facie case for each element of his cause of action. Lougee Conservancy v. CitiMortgage, Inc., 2012 ME 103, ¶ 12, 48 A.3d 774.

Defendants argue that the Knox affidavit submitted in support of TD Bank's motion for summary judgment is untrustworthy and therefore shouldn't be considered. This affidavit and its supporting documents provide proof of the necessary elements to plaintiff's motion for summary judgment. See Bank of Am., N.A. v. Greenleaf, 2014 ME 189, ¶ 18, 96 A.3d 700 (listing the eight elements of proof necessary to support a judgment of foreclosure).

An affidavit of a custodian of business records must demonstrate that the affiant meets the requirements of M.R. Evid. 803(6). Business records kept in the course of regularly conducted business may be admissible notwithstanding the hearsay rule if the necessary foundation is established "by the testimony of the custodian or other qualified witness." M.R. Evid. 803(6). "A qualified witness is one who was intimately involved in the daily operation of the business and whose testimony showed the firsthand nature of his knowledge." HSBC Mortg. Servs. v. Murphy, 2011 ME 59, ¶ 9, 19 A.3d 815 (quoting Bank of Am., N.A. v. Barr, 2010 ME 124, ¶ 19, 9 A.3d 816) (quotation marks omitted)).

The custodian or qualified witness must establish the following:

(a)     The record was made at or near the time by—or from information transmitted by—someone with knowledge;
(b)     The record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
(c)     Making the record was a regular practice of that activity;
(d)     All these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11), Rule 902(12) or with a statute permitting certification; and
(e)     Neither the source of information nor the method or circumstances of reparation indicate a lack of trustworthiness.

3

M.R. Evid. 803(6); Murphy, 2011 ME 59, ¶ 10, 19 A.3d 815.

Plaintiff has established the necessary foundation as to elements (a)-(e) through the Knox affidavit. (See Knox Aff. ¶¶ 1-6.) However, defendants point to an "inconsistency" which they allege make TD Bank's business records untrustworthy and therefore inadmissible.

In evaluating trustworthiness, courts consider factors such as "the existence of a motive and opportunity to prepare an inaccurate record, long delay prior to their preparation, the nature of the information recorded, the systematic checking, regularity and continuity in maintaining the records and the business' reliance on them." E. N. Nason, Inc. v. Land-Ho Dev. Corp., 403 A.2d 1173, 1179 (Me. 1979). When evaluating a motion for summary judgment, the court must consider the trustworthiness of any affidavits submitted in support of the motion. Murphy, 2011 ME 59, ¶ 11, 19 A.3d 815.

Defendants claim that the Knox affidavit is inaccurate because it misstates the date of the Cannons' last payment by six months. The Knox affidavit states that the Cannons failed to make the September 2014 payment and all subsequent payments, and the records provided by TD Bank support this. (See Knox Aff. ¶ 13; Ex. E.) As TD Bank notes, the Cannons began making partial payments in early 2014, which caused the loan to become increasingly delinquent. (Pl.'s Reply 6.) As a result, the Cannons failed to make the September 2014 payment, despite having made their past payment in November 2014. (Ex. E.)

However, the Cannons attempted to make payments after November 2014, which TD Bank returned. (See Ricky Cannon Aff. ¶ 8 and 9, Ex. D and E.) This occurred 10 months prior to TD Bank sending them a notice of right to cure and thus prior to any acceleration of the note. (Id.; Knox Aff. ¶ 14.) This long delay in preparation and questionable motive of TD Bank makes the business records untrustworthy. See E. N. Nason, 403 A.2d at 1179. Thus, the

4

foundation is insufficient to satisfy the requirements of Rule 803(6), and the Court cannot consider them.

Since the Court cannot consider the Knox affidavit, and therefore cannot consider the supporting business records, such as the note and mortgage, plaintiff TD Bank's motion for summary judgment is denied.

The entry is:

1. Plaintiff TD Bank, N.A.'s motion for summary judgment is DENIED.
2. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Date: August 7, 2017

Harold Stewart
Justice, Maine Superior Court

5