STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, ss.                             CIVIL ACTION
                                            DOCKET NO. CV-21-343

ELIZABETH K. HAMP, as Personal      )
Representative of the Estate of     )
Nicholas Edward Hamp,               )
                                    )
            Plaintiff,              )
                                    )       ORDER ON DEFENDANT'S MOTION
      v.                            )       FOR SUMMARY JUDGMENT
                                    )
RLI INSURANCE COMPANY,              )
                                    )
            Defendant.              )

Before the Court is Defendant RLI Insurance Company's ("RLI") Motion for Summary Judgment. For the reasons set forth herein, the motion is GRANTED in part and DENIED in part.

## FACTUAL BACKGROUND

This case arises out of the wrongful death of Plaintiff Elizabeth Hamp's father, Nicholas Hamp. On May 7, 2020, Mr. Hamp was involved in a motor vehicle collision with an uninsured driver. (Defendant's Statement of Material Facts ("Def. S.M.F.") ¶ 1.) He died at the scene. (Def. S.M.F. ¶ 2.) He was 81 years old. (Def. S.M.F. ¶ 3.) At the time, Mr. Hamp had a personal auto policy with MMG Insurance ("MMG") and an umbrella policy with RLI. (Def. S.M.F. ¶¶ 4, 6.) MMG paid Mr. Hamp's Estate (the "Estate") the full $500,000 uninsured motorist coverage policy limit. (Def. S.M.F. ¶ 4; Complaint ¶ 13.) Ms. Hamp, on behalf of the Estate, then made a claim against RLI for payment of the $1,000,000 limit of Mr. Hamp's uninsured motorist policy. (Def. S.M.F. ¶ 22; Complaint ¶ 13.)

RLI responded by requesting information from Ms. Hamp to substantiate the claimed damages, including medical records and legal authority. (Def. S.M.F. ¶ 25.) Ultimately, RLI

1

REC'D CUMB CLERK'S OFC
JAN 30 '23 PM 12:01

disputed the claim on several bases, including lack of medical proof of conscious pain and suffering, lack of information as to loss of consortium, inapplicability of *Feighery* damages, and erosion of economic damages by future consumption. (Plaintiff's Statement of Additional Material Facts ("Pl. S.A.M.F.") ¶¶ 81-85.) The parties were unable to reach a settlement. (Def. S.M.F. ¶¶ 30-32.) Ms. Hamp's Complaint was docketed on September 20, 2021. Count I alleges breach of contract. Count II alleges violation of the Unfair Claims Settlement Practices Act. RLI seeks summary judgment on both counts.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when review of the parties' statements of material fact and the record evidence to which they refer, considered in the light most favorable to the nonmoving party, indicates that there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Remmes v. The Mark Travel Corp.*, 2015 ME 63, ¶ 18, 116 A.3d 466. A fact is material if it has the capacity to affect the outcome of the case. *Lewis v. Concord General Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87 A.3d 732. An issue is genuine if the factfinder must choose between competing versions of the truth. *Id.* Summary judgment is not a substitute for a trial. *Arrow Fastener Co. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 18, 917 A.2d 123.

## DISCUSSION

### Count I: Breach of Contract

To survive a defendant's summary judgment motion, a plaintiff must produce prima facie evidence for each element of its cause of action. *Yankee Pride Transp. & Logistics, Inc. v. UIG, Inc.*, 2021 ME 65, ¶ 13, 264 A.3d 1248. This is a low standard, requiring only some evidence on each element, the reliability and credibility of which "may be considered at some later time in the

2

process." *Camden Nat'l Bank v. Weintraub*, 2016 ME 101, ¶ 11, 143 A.3d 788 (quoting *Nader v. Me. Democratic Party*, 2012 ME 57, ¶ 34, 41 A.3d 551). In a breach of contract action, the plaintiff must prove: (1) breach of a material contract term; (2) causation; and (3) damages. *Me. Energy Recovery Co. v. United Steel Structures, Inc.*, 1999 ME 31, ¶ 7, 724 A.2d 1248.

Here, Ms. Hamp claims that RLI breached the insurance contract by failing to offer a reasonable amount of damages as required by Mr. Hamp's policy. RLI argues that it is entitled to summary judgment because its refusal to pay the policy limit, as demanded by the Estate, was not a breach of contract. Specifically, RLI disputes whether *Feighery* damages, funeral expenses, and medical expenses are available in this case and whether lost earnings are reduced by future consumption. RLI argues that if the Court finds in its favor on those issues, RLI cannot have breached its contract by failing to pay the policy limit.

Ms. Hamp argues that the above issues are more appropriate for motions *in limine* than summary judgment. The Court agrees. The types of damages available in this case and the evidence admissible to support those damages are intertwining issues that may be more efficiently resolved simultaneously through motions in limine. Further, even if the Court were to find in RLI's favor on all of the above issues, the Court disagrees that the breach of contract claim must necessarily be dismissed. Material facts remain in dispute as to other aspects of damages in this case, such as conscious pain and suffering, pecuniary losses, and loss of consortium.

Accordingly, RLI's motion for summary judgment is denied as to Count I.

**Count II: Violation of Unfair Claims Settlement Practices Act**

The Unfair Claims Settlement Practices Act (UCSPA) allows an insured to recover damages from an insurance company if the insured can prove that the insurance company engaged in one of the following violations:

3

A. Knowingly misrepresenting to an insured pertinent facts or policy provisions relating to coverage at issue;

B. Failing to acknowledge and review claims, which may include payment or denial of a claim, within a reasonable time following receipt of written notice by the insurer of a claim by an insured arising under a policy;

C. Threatening to appeal from an arbitration award in favor of an insured for the sole purpose of compelling the insured to accept a settlement less than the arbitration award;

D. Failing to affirm or deny coverage, reserving any appropriate defenses, within a reasonable time after having completed its investigation related to a claim; or

E. Without just cause, failing to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear.

24-A M.R.S. § 2436-A(1)(A)-(E) (2022). Title 24-A M.R.S. § 2436-A has been strictly construed by the Law Court. *Marquis v. Farm Family Mut. Ins. Co.*, 628 A.2d 644, 651-52 (Me. 1993) (finding that "failure by the plaintiffs to allege and prove a specific violation [of the UCSPA] precludes recovery under the statute"). Ms. Hamp has not alleged that RLI committed one of the above violations, and both parties' statements of material fact suggest that RLI promptly reviewed her claim, raised reasonable disputes, and attempted to settle. Instead, Ms. Hamp argues that RLI's claims settlement practices are unfair because their procedures are largely unwritten, which she claims leads to inconsistent results. Strictly construing § 2436-A, even if Ms. Hamp's allegations are true, they do not constitute a violation of the statute.

Accordingly, RLI's motion for summary judgment is granted as to Count II.

4

**Entry is:**

Defendant RLI's Motion for Summary Judgment is Denied as to Count I and Granted as to Count II. The clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 1/30/23

_____

John O'Neil Jr.
Justice, Maine Superior Court

Entered on the Docket: 2/4/2023

5