STATE OF MAINE                                          SUPERIOR COURT
                                                         CIVIL ACTION
YORK, ss.                                          DOCKET NO.   CV-11-26
                                                   PAF - YOR.- 4/11/2011


SUSAN FARAGI-SNOW,

            Plaintiff


      v.                          ORDER



PFRF, INC. d/b/a
DUNKIN DONUTS,

            Defendant


      The plaintiff was employed by the defendant at its Dunkin Donuts store in Wells,

Maine.   Her employment was terminated and she has filed a complaint alleging a

violation of the Maine Whistleblowers' Protection Act at 26 M.R.S.A. §833.   The

defendant has filed a motion for summary judgment, which has been briefed and ably

argued.

      The Act states, in relevant part, "No employer may discharge ... an employee ...

because ....   The employee, acting in good faith ... reports to the employer ... what the

employee has reasonable cause to believe is a condition or practice that would put at

risk the health or safety of that employee or any other individual.   The protection from

discrimination provided in this section specifically includes school personnel who

report safety concerns to school officials with regard to a violent or disruptive student."

26 M.R.S.A. §833(1)(B).

      In this case the plaintiff reported her concerns to management that a co-worker

was a registered sex offender and that he could put at risk the safety of others.   The co-

worker had been convicted by the United States Marine Corps and had received a lengthy sentence. The plaintiff felt that management ignored her concerns and fired her for her persistence in raising them rather than because of spotty work attendance.

In *Stewart-Dore v. Webber Hospital Association*, 2011 ME 26, ¶13 the Law Court reminded the trial court that in a summary judgment context, "… we view the facts in the light most favorable to (the plaintiff)." The conflicting testimony in *Stewart-Dore* precluded the granting of summary judgment.

In this case the plaintiff has produced evidence that could lead a jury to conclude that she acted in "good faith", and that she had "reasonable cause" to believe that the co-worker's continued employment would put at risk the safety of others. I do not find that the reference to school personnel limits protection for expressing safety concerns regarding violent or disruptive individuals to cases involving school staff and students.

While the plaintiff's case might be viewed as weak, summary judgment is not warranted.

The entry is:

Defendant's motion for summary judgment is denied.

Dated:        April 11, 2012

Paul A. Fritzsche
Justice, Superior Court

ATTORNEY FOR PLAINTIFF:
GUY D LORANGER
NICHOLS WEBB & LORANGER PA
110 MAIN ST., SUITE 1520
SACO ME   04072

ATTORNEY FOR DEFENDANT:
MELISSA HEWEY
DRUMMOND WOODSUM & MACMAHON
84 MARGINAL WAY SUITE 600
PORTLAND ME   04101

2