STATE OF MAINE
CUMBERLAND, ss.

BUSINESS AND CONSUMER COURT
CIVIL ACTION
DOCKET NO. BCD-CV-2015-25

SHEEPSCOT ISLAND COMPANY,  )
                           )
          Plaintiff,       )        **ORDER ON DEFENDANT**
v.                         )        **FRANCES PINNEY'S MOTION**
                           )        **FOR SUMMARY JUDGMENT**
FRANCES B. PINNEY, et al., )
                           )
          Defendants       )

Before the Court is Defendant Frances B. Pinney's ("Frances") Motion for Summary Judgment against Defendant Diane A. Pinney ("Diane") concerning the ownership of 452 shares of stock of Sheepscot Island Company ("SICO"). Attorney Daniel L. Cummings represents Frances. Diane appears pro se.

I.     Background

Before the Court is the question of ownership of 452 shares of stock in SICO. According to Frances, she owns 453 shares of stock in SICO evidenced by Share Certificate Nos. 307, 312, 496, 514, 549, 599, 611, and 708. Supp. S.M.F. ¶ 1. In August 2005, Frances intended to gift 452 of her shares to her stepdaughter, Diane. Supp. S.M.F. ¶ 4. On August 2, 2005, Frances executed a Stock Power indicating that she was transfering 452 shares of her original 453 shares to Diane and authorizing the SICO clerk, Carl Stinson, to transfer the stock in the SICO books. Supp. S.M.F. ¶ 4, Ex C. At the August 6, 2005 shareholders meeting of SICO, Frances attempted to deliver the original Stock Power to Mr. Stinson. Supp. S.M.F. ¶ 5. Mr. Stinson would not accept the Stock Power. Supp. S.M.F. ¶ 6. Frances does not remember what happened to the original

1

Stock Power. Supp. S.M.F. ¶ 7. Frances contends that she never delivered the stock certificates to Diane and therefore, Frances remains the owner of the stock. See Supp. S.M.F. ¶ 8. Diane claims that the stock was effectively transferred and that she is the owner of the 452 shares. In the alternative, Diane argues that SICO was "casual at best" in its record keeping and therefore the Court should find that under equity that Diane is the owner of the stock.

At some point, Frances lost the original stock certificates. It is not clear from the record whether the original stock certificates were lost before Frances signed the Stock Power. On December 12, 2014, SICO issued Share Certificate No. 830 ("Replacement Share") to Frances to replace the Original Share Certificates. Supp. S.M.F. ¶ 3.

II.    Standard of Review

Under M.R. Civ. P. 56, summary judgment is appropriate when review of the parties' statements of material facts and the record evidence to which the statements refer, considered in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact that is in dispute and the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A.2d 733. A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between two competing versions of the facts. *Stewart-Dore v. Webster Hosp. Ass'n*, 2011 ME 26, ¶ 8, 13 A.3d 773.

The evidence offered to establish a dispute as to a material fact, submitted in opposition to a motion for summary judgment, "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination

2

without speculating." *Estate of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 19, 60 A.3d 759. Likewise, "[s]ummary judgment is appropriate even when concepts such as motive or intent are at issue, if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Dyer v. Dept. of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821, 825 (citing *Vives v. Fajardo*, 472 F.3d 19, 21 (1st Cir. 2007)) (internal quotations omitted) (internal punctuation omitted).

When acting on a motion for summary judgment, the court may not make inferences based on the credibility or weight of the evidence. *Arrow Fastener Co., Inc. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 16, 917 A.2d 123 (citing *Emerson v. Sweet*, 432 A.2d 784, 785 (Me. 1981)). A defendant who moves for summary judgment is entitled to a judgment only if the plaintiff opposed to the motion, in response, fails to establish a prima facie case for each element of the plaintiff's cause of action. *Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103, ¶ 12, 48 A.3d 774.

III. Discussion

Frances moves the Court to grant summary judgment arguing that the stock was never delivered, and therefore, even though Frances intended at one time to transfer the stock to Diane, Frances remains the owner of the stock. There are two methods by which a person acquires a security or an interest in a security according to Maine statute: "(a). The person is a purchaser to whom a security is delivered pursuant to section 8-1301; or (b). The person acquires a security entitlement to the security pursuant to section 8-1501." 11 M.R.S. § 8-1104. Section 8-1501 pertains to the acquisition of securities accounts and is inapplicable to this case. Therefore, in order to survive a motion for summary judgment on the question of ownership of the 452 shares of SICO stock, Diane must set out a prima

facie case for acquisition showing that she is a purchaser and that the stock was delivered pursuant to section 8-1301.

The parties agree that Diane is a "purchaser" pursuant to the statutory meaning. The parties dispute whether delivery occurred in accordance with section 8-1301. For delivery of a certified security to be effectuated, one of the following must occur:

> (a). The purchaser acquires possession of the security certificate;
> (b). Another person, other than a securities intermediary, either acquires possession of the security certificate on behalf of the purchaser or, having previously acquired possession of the certificate, acknowledges that it holds for the purchaser; or
> (c). A securities intermediary acting on behalf of the purchaser acquires possession of the security certificate, only if the certificate is in registered form and is:
> (i) Registered in the name of the purchaser;
> (ii) Payable to the order of the purchaser; or
> (iii) Specially indorsed to the purchaser by an effective indorsement and has not been indorsed to the securities intermediary or in blank.

11 M.R.S. § 8-1301 (2016). All methods of effectuating delivery pursuant to Section 8-1301 require a physical transfer of the stock certificates or an acknowledgment that the physical stock certificates are being held on the transferee's behalf. *See Id.* Frances and Diane agree that Diane never acquired possession of the stock certificates. Diane does not allege that someone acknowledged holding the stock certificates for her. She does not allege that a securities intermediary acquired the stock certificates on her behalf. In the absence of any evidence that Frances gave the physical stock certificates to Diane or to someone else on Diane's behalf, the Court finds that no reasonable fact-finder could find that delivery occurred pursuant to Section 8-1301.

There are questions of fact concerning what exactly occurred when Frances presented the SICO clerk with the Stock Power, whether the SICO clerk should have accepted it, and what happened with the Stock Power subsequently. However, the disputed facts are

4

not material because, in order for the stock to be transferred from Frances to Diane, the stock certificates would necessarily have to have been presented with the Stock Power in order for delivery to be accomplished. The parties agree that the stock certificates were not presented with any such Stock Power to either Diane or Mr. Stinson. Therefore, Frances is entitled to judgment as a matter of law on Diane's claim of ownership of 452 shares of SICO stock.

IV.   Conclusion

The Court grants Defendant Frances Pinney's Motion for Summary Judgment.

The Clerk is directed to incorporate this Order into the docket by reference in accordance with M.R. Civ. P. 79(a).

DATE:   5 / 4 / 17

Michaela Murphy
Justice, Business and Consumer Court

Entered on the Docket 5 / 4 / 17
Copies sent via Mail___ Electronically ✓

5

**Sheepscot Island Company**
  *Plaintiff*

v.

**Frances B. Pinney, et al.,**
  *Defendant(s)*

**BCD-CV-15-25**

**Sheepscot Island Company**

Counsel:          Paul McDonald, Esq.
                  Eben M. Albert, Esq.
                  100 Middle St
                  PO Box 9729
                  Portland, ME 04101-5029

**Frances B. Pinney, et al.,**

Counsel:          Daniel Cummings, Esq.
                  David Goldman, Esq.
                  Two Canal Plaza
                  PO Box 4600
                  Portland, ME 04112-4600