STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2014-404

REC'D CUMB CLERKS OF
JUN 30 '17 PM12:41

MARTHA BROWN, individually
and as Personal Representative of
the ESTATE OF RICHARD BROWN,

Plaintiff

v.

PAUL BLOCH, M.D.,

Defendant

ORDER ON DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT

Before the court is defendant Paul Bloch, M.D.'s motion for partial summary on the complaint filed by Martha Brown, individually and as Personal Representative of the Estate of Richard Brown, arising out of an abdominal aortic aneurysm repair surgery that Dr. Bloch performed on Mr. Brown in 2011. Defendant seeks a summary judgment on the issue of whether he received informed consent from Mr. Brown. For the following reasons, the motion is denied.

I.    BACKGROUND

In February 2006, Richard Brown was diagnosed with an abdominal aortic aneurysm (AAA). (Supp.'g S.M.F. ¶ 1.) A CT scan performed on August 16, 2011 showed the AAA was 5.2 cm in size. (Supp.'g S.M.F. ¶ 5.) Mr. Brown was referred to Dr. Bloch in 2011. (Supp.'g S.M.F. ¶ 2.) Dr. Bloch met with Mr. Brown on October 13, 2011, and recommended that Mr. Brown undergo surgery to repair the aneurysm. (Supp.'g S.M.F. ¶¶ 3-4.)

Mr. Brown signed a consent form on October 13, 2011, which provided that he had been counseled that the risks of the procedure included "heart attack, heart failure, death, respiratory

failure, pneumonia, paralysis, nerve injury, renal failure, blood clot to the legs, bleeding, infection, wound healing problems, migration of device, leakage around graft, injury to intestines, etc." (Supp.'g S.M.F. ¶ 15.) The consent form further provided: "[t]he physician performing the procedure or designee also has explained to me any reasonable alternative treatment or procedures and, as appropriate, their usual and most frequent risks and hazards. I understand that I have the right to refuse any suggested procedures or treatment." (Supp.'g S.M.F. ¶ 16.) Mr. Brown underwent surgery on November 30, 2011. (Supp.'g S.M.F. ¶ 7.) He alleges he suffered damages as a result of complications from the procedure. (Supp.'g S.M.F. ¶ 8.)

In her complaint filed on April 22, 2016, plaintiff alleged, among other things, that defendant "so negligently advised Richard Brown to have surgery for which he was not suited and without providing Richard Brown alternatives to the surgery the defendant advised Richard Brown to have." (Compl. ¶ 2.) Defendant filed the pending motion for partial summary judgment on May 2, 2017, plaintiff filed her opposition on May 18, 2017, and defendant filed his reply on May 30, 2017.

## II.    STANDARD OF REVIEW

Under M.R. Civ. P. 56, summary judgment is appropriate when review of the parties' statements of material facts and record evidence to which the statements refer, considered in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. Beal v. Allstate Ins. Co., 2010 ME 20, ¶ 11, 989 A.2d 733. A "material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between two competing versions of the facts." Stewart-Dore v. Webster Hosp.

2

Ass'n, 2011 ME 26, ¶ 8, 13 A.3d 773 (quotation marks omitted). The evidence offered to establish a dispute as to a material fact, submitted in opposition to a motion for summary judgment, "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating." Estate of Smith v. Cumberland Cnty., 2013 ME 13, ¶ 19, 60 A.3d 759.

When acting on a motion for summary judgment, a court may not make inferences based on credibility or weight of the evidence. Arrow Fastener Co. v. Wrabacon, Inc., 2007 ME 34, ¶ 16, 917 A.2d 123 (citing Emerson v. Sweet, 432 A.2d 784, 785 (Me. 1981)). A party who moves for summary judgment is entitled to a judgment only if the party opposing the motion, in response, fails to establish a prima facie case for each element of his cause of action. Lougee Conservancy v. CitiMortgage, Inc., 2012 ME 103, ¶ 12, 48 A.3d 774.

III.   DISCUSSION

As a preliminary matter, defendant has objected to certain procedural deficiencies in plaintiff's opposition to defendant's statement of material facts. Specifically, defendant argues plaintiff's qualifications do not adequately address defendant's statements of material fact and instead add additional facts that should be in plaintiff's statement of additional facts. See Knowlton v. Shaw, 791 F. Supp. 2d 220, 231-245 (D. Me. 2011). The court agrees. Defendant's statements of material fact in paragraphs 4-7, 9, 16-17, 21-23, 25, 29-32, 34 are admitted. The court agrees with plaintiff that the form does not provide that Mr. Brown was "counseled" as to risks. (Supp.'g S.M.F. ¶ 15; Opp. S.M.F. ¶ 15.)

Informed consent in Maine is governed by statutory and case law. Section 2905 provides in relevant part:

**1. Disallowance of recovery on grounds of lack of informed consent.** Recovery is not allowed against any physician, physician assistant, podiatrist, dentist or health care provider

3

upon the grounds that the health care treatment was rendered without the informed consent of the patient or the patient's spouse, parent, guardian, nearest relative or other person authorized to give consent for the patient when:

A. The action of the physician, physician assistant, podiatrist or dentist in obtaining the consent of the patient or other person authorized to give consent for the patient was in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities;

B. A reasonable person, from the information provided by the physician, physician assistant, podiatrist or dentist under the circumstances, would have a general understanding of the procedures or treatments and of the usual and most frequent risks and hazards inherent in the proposed procedures or treatments that are recognized and followed by other physicians, physician assistants, podiatrists or dentists engaged in the same field of practice in the same or similar communities; or

C. A reasonable person, under all surrounding circumstances, would have undergone such treatment or procedure had that person been advised by the physician, physician assistant, podiatrist or dentist in accordance with paragraphs A and B or this paragraph.

For purposes of this subsection, the physician, physician assistant, podiatrist, dentist or health care provider may rely upon a reasonable representation that the person giving consent for the patient is authorized to give consent unless the physician, physician assistant, podiatrist, dentist or health care provider has notice to the contrary.

2. Presumption of validity of written consent; rebuttal. A consent which is evidenced in writing and which meets the foregoing standards, and which is signed by the patient or other authorized person, shall be presumed to be a valid consent. This presumption, however, may be subject to rebuttal only upon proof that such consent was obtained through fraud, deception or misrepresentation of material fact.

24 M.R.S. § 2905 (2017); see also Woolley v. Henderson, 418 A.2d 1123, 1131 (Me. 1980) ("the scope of a physician's duty to disclose is measured by those communications a reasonable medical practitioner in that branch of medicine would make under the same or similar circumstances and that the plaintiff must ordinarily establish this standard by expert medical evidence.").

Considering the facts in the light most favorable to plaintiff, plaintiff has raised an issue of material fact regarding whether defendant advised Mr. Brown about the option of watchful

4

waiting as an alternative to surgery. (Supp.'g S.M.F. ¶ 18; Opp. S.M.F. ¶ 18.) The court declines to infer that defendant discussed the alternative of watchful waiting, as defendant suggests. (Reply S.M.F. ¶ 18.) Defendant's informed consent form reveals a requirement that the physician explain any reasonable alternative treatment or procedures. (Supp.'g S.M.F. ¶ 16.) Dr. Benjamin Brooke's testimony and expert designation confirm that an explanation of the two options available to Mr. Brown was required for informed consent. (Supp.'g S.M.F. ¶¶ 24-25.)

Additionally, plaintiff has raised an issue of material fact with regard to whether Dr. Bloch was required to inform Mr. Brown about the slow growth of the AAA. Defendant admits that "he never told either Mr. or Mrs. Brown that based on the CT scan the AAA was slow growing – growing less than .6 cm in 6 months." (Add. S.M.F. ¶ 2; Reply S.M.F. ¶ 2; Def.'s Reply Br. 3.) Defendant admits further that "[p]rior to the Nov. 30, 2011 AAA surgery, Dr. Bloch never informed Mr. or Mrs, Brown that the applicable standard of care was not to operate on AAA's below the size of 5.5 cm that were slow growing and asymptomatic like Mr. Brown's." (Add. S.M.F. ¶ 3; Reply S.M.F. ¶ 3.) Considered in the light most favorable to plaintiff, Dr. Brooke's testimony confirms that that information was required. (Add. S.M.F. ¶¶ 3-4; Reply S.M.F. ¶¶ 3-4.)

On October 13, 2011, Mr. Brown signed a consent form. (Supp.'g S.M.F. ¶ 14.) Pursuant to section 2905(2) a consent form is presumed to be valid, if it meets the "foregoing standards[.]" 24 M.R.S. § 2905(2). Section 2905(1)(A) requires that "[t]he action of the physician . . .was in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities." 24 M.R.S. § 2905(1)(A). Plaintiff has raised an issue of material fact as to whether the consent form satisfied the requirements of section 2905(1)(A) and whether the form

can be afforded the presumption of validity under section 2905(2). 24 M.R.S. ¶¶ 2905(1)(A) & 2905(2).

The entry is

Defendant's motion for Partial Summary Judgment is DENIED.

Dated: June 30, 2017

Nancy Mills
Justice, Maine Superior Court

   

Case Search   Open Financials   Print Docket   Reports/Forms

**Filter attorneys for party:**   - All Parties -

| ⊘ ☑ ✉ Attorney | Party | Representation Type | Representation Date |
|---|---|---|---|
| ☑ ✉ **Kreisler, David** | **Richard Brown (Estate...** | **Retained** | **08/08/2016** |
| ☑ ✉ Kreisler, David | Martha Brown - 3 Plain... | Retained | 08/08/2016 |
| ☑ ✉ Randall, Mark | Richard Brown (Estate... | Retained | 08/08/2016 |
| ☑ ✉ Randall, Mark | Martha Brown - 3 Plain... | Retained | 08/08/2016 |
| ☑ ✉ Wuesthoff, Noah | Paul H S Bloch MD - 2... | Retained | 10/06/2014 |
| ☑ ✉ Rush, Jennifer | Paul H S Bloch MD - 2... | Retained | 10/06/2014 |
| ☑ ✉ Lavoie, Mark | Paul H S Bloch MD - 2... | Retained | 10/06/2014 |