STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-304

TANYA LACROIX,

    Plaintiff

v.

PORTLAND REGENCY, INC.,

    Defendant

ORDER ON DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

STATE OF MAINE
Cumberland ss Clerk's Office

AUG 03 2018 2:09

RECEIVED PM

Before the court is defendant Portland Regency, Inc.'s motion for summary judgment. For the following reasons, the motion is denied in part and granted in part.

I.    Facts

Defendant Portland Regency, Inc. (the Regency) is a hotel located in downtown Portland, Maine. (Def.'s Supp'g S.M.F. ¶ 1.) Plaintiff Tanya LaCroix is a massage therapist who began working in the spa at the Regency on May 1, 2015. (Def.'s Supp'g S.M.F. ¶ 5.) Plaintiff's employment at the Regency was terminated on either April 26, 2016 or April 27, 2016. (Def.'s Supp'g S.M.F. ¶ 6; Pl.'s Opp. to Def.'s S.M.F. ¶ 6.)

During her tenure at the Regency, plaintiff worked scheduled shifts during which she was "on call" to provide massage services to hotel clients. (Def.'s Supp'g S.M.F. ¶¶ 15-17; Pl.'s Add'l S.M.F. ¶¶ 1, 3.) During her shifts, plaintiff was available to be called in to the hotel if a client scheduled an appointment; plaintiff was compensated only if she was actually called in to perform the services. (Def.'s Supp'g S.M.F. ¶¶ 13-14, 20; Pl.'s Add'l S.M.F. ¶¶ 3-4.) Plaintiff was not paid for time in which she was available but not providing services to hotel clients. (Def.'s Supp'g S.M.F. ¶ 20; Pl.'s Add'l S.M.F. ¶¶ 4-5.)

1

The hotel would advise plaintiff of any scheduled appointments the evening before her scheduled shift. (Def.'s Supp'g S.M.F. ¶ 16; Pl.'s Opp. to Def.'s S.M.F. ¶ 16.) If a client scheduled an appointment during one of plaintiff's shifts, the hotel would call and notify plaintiff at least one hour before the appointment. (Def.'s Supp'g S.M.F. ¶ 17; Pl.'s Add'l S.M.F. ¶ 8.) Once notified of a scheduled appointment, plaintiff was required to arrive at the Regency twenty or thirty minutes in advance of the appointment. (Def.'s Supp'g S.M.F. ¶ 17; Pl.'s Add'l S.M.F. ¶¶ 12-13.) Pursuant to the hotel's employee policy, massage therapists were "free to do as [they] please" if not called for service during their availability periods. (Def.'s Supp'g S.M.F. ¶ 19; Pl.'s Opp. to Def.'s S.M.F. ¶ 19.) Unless called in for an appointment, plaintiff was not required to be at the Regency. (Def.'s Supp'g S.M.F. ¶ 18; Pl.'s Add'l S.M.F. ¶¶ 24, 33.) During her shifts plaintiff was required to refrain from using drugs or alcohol. (Def.'s Supp'g S.M.F. ¶ 18.)[1]

Plaintiff admits that during her employment she was rude and unprofessional as well as impatient with the front desk staff.[2] (Def.'s Supp'g S.M.F. ¶¶ 25,[3] 27; Pl.'s Opp. to Def.'s S.M.F. ¶¶ 25, 27.) Plaintiff also signed a document stating that she was insubordinate. (Def.'s Supp'g S.M.F. ¶¶ 34-35, 38.) Plaintiff, however, denies that she was actually insubordinate. (Pl.'s Opp. to Def.'s S.M.F. ¶ 25.) Plaintiff admits that her supervisor verbally discussed her poor behavior and attitude issues with her on multiple occasions. (Def.'s Supp'g S.M.F. ¶¶ 26, 28-31, 33; Pl.'s Opp. to Def.'s S.M.F. ¶¶ 26-27.) During her employment plaintiff also brought to her employer's

---

[1] Citing generally to a sixteen-page manual as support for a statement of fact is not sufficient. HSBC Bank USA, N.A. v. Gabay, 2011 ME 101, ¶¶ 8-9, 28 A.3d 1158. The proper cite is Ex. F, Schedule Procedures/Reviews 3.

[2] In her opposing statement of material facts, plaintiff does not contradict this testimony. Instead, she cites other deposition testimony regarding specific incidents during her employment during which, she states, she was not rude or unprofessional. See M.R. Civ. P. 56(h)(4); (Pl.'s Opp. to Def.'s S.M.F. ¶ 25.)

[3] The inclusion of several facts in one paragraph does not comply with summary judgment procedure. M.R. Civ. P. 56(h)(1).

2

attention numerous conditions that plaintiff believed to be either unsafe or a violation of law. (Pl.'s Add'l S.M.F. ¶¶ 36-71.)

On August 17, 2017, plaintiff filed a complaint against the Regency. The complaint contains two counts: count I, unpaid wages; and count II, Whistleblower Protection Act retaliation under the Maine Human Rights Act. On May 3, 2018, defendant filed a motion for summary judgment. On May 24, 2018, plaintiff filed an opposition to defendant's motion. On June 4, 2018, defendant filed a reply.

II.     Standard of Review

Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." Stewart-Dore v. Webber Hosp. Ass'n, 2011 ME 26, ¶ 8, 13 A.3d 773 (quotation marks omitted). "A plaintiff may avoid a summary judgment for the defendant as a matter of law on a given claim by establishing a prima facie case for each element of the claim for which the plaintiff will bear the burden of proof at trial." Binette v. Dyer Library Ass'n, 688 A.2d 898, 902 (Me. 1996).

III.    Discussion

Defendant has moved for summary judgment on both counts of the complaint.

A. Count I: Unpaid Wages

In count I of her complaint, plaintiff seeks to recover unpaid wages she alleges she is owed for time spent waiting while on call but not providing services at the Regency spa. 26 M.R.S. §§ 663-64, 670 (2016). Defendant argues that plaintiff cannot establish a prima facie claim that she is entitled to additional wages and that summary judgment must therefore be entered in its favor.

3

Specifically, defendant argues that plaintiff's leisure time while on call was not restricted to such a degree that the time was spent primarily for the benefit of the Regency. (Def.'s Supp'g Memo. at 9.) Plaintiff argues that her time was severely restricted and therefore spent primarily for the benefit of the Regency. (Pl.'s Opp'g Memo. at 7.)

Pursuant to Maine's wage and hour laws, an employer must pay an employee a minimum wage for work the employee performs. 26 M.R.S. §§ 629, 664 (2016). What constitutes work, however, is not defined by statute and is instead a factual question "resolved by assessing the totality of the circumstances in a given case." Crook v. Russell, 532 A.2d 1351, 1354 & n.5 (Me. 1987) (citing Skidmore v. Swift & Co., 323 U.S. 134, 137 (1944)). In cases where waiting time is involved the court seeks to ascertain the employment arrangement between the parties in order to determine whether waiting time is compensable working time. Skidmore, 323 U.S. at 137 ("Facts may show that the employee was engaged to wait, or they may show that he waited to be engaged . . . . The law does not impose an arrangement upon the parties. It imposes upon the courts the task of finding what the arrangement was.") The parties agree that the proper focus of the inquiry is whether an employee's time while on call was spent primarily for the benefit of the employer or the employee. Crook, 532 A.2d at 1354.

In Crook, the plaintiff, an employee of the defendant's ambulance service, had appealed the trial court's entry of judgment in favor of the defendant employer. Id. at 1351-352. The trial court had found that the only restrictions placed on the employee while on call were that he remain "reasonably available to provide an appropriate response time in the event of an emergency, that [he] refrain from the use of alcohol and that [he] be appropriately attired in company uniform." Id. at 1353. Based on these restrictions, the trial court found that the employee's time while on call was not so restricted that it was spent primarily for the benefit of the employer. Id. at 1354; Crook

4

v. Russel, No. CV-85-15, 1987 Me. Super. LEXIS 27, at *11 (Jan. 26, 1987). After reviewing the evidence in the case, the Law Court held that the trial court justice's findings of fact were not clearly erroneous and affirmed the entry of judgment in favor of the employer. Crook, 532 A.2d at 1354-355.

Similarly, to Crook, in this case the only restrictions the Regency placed on plaintiff while she was on call were that she be able to arrive at the hotel twenty to thirty minutes prior to the scheduled appointment and that she not be under the influence of drugs or alcohol when she arrived for work. (Def. Supp'g S.M.F. ¶¶ 17-18; Pl.'s Add'l S.M.F. ¶¶ 12-13.) At her deposition, plaintiff acknowledged that these minimal restrictions were the only restrictions the Regency placed on her free time. (Def. Supp'g S.M.F. ¶ 18)

Despite this acknowledgement, plaintiff argues that the restrictions on her time were in fact quite substantial. To support her argument, plaintiff cites to statements she made during her deposition as well as an affidavit she has filed in support of her opposition to the present motion. Plaintiff's deposition testimony reveals only that she felt that the time restriction inhibited her from going out to lunch, grocery shopping, or shopping in Freeport during the summer months. (Pl.'s Opp. to Def.'s S.M.F. ¶¶ 18-19; Def. Ex. G. 29:2-29:10.) Plaintiff's affidavit states that the time restriction also prevented her from: making plans to go out of town, visiting her boyfriend in Saco, going to the movies, scheduling medical appointments, scheduling job interviews, cooking anything but a light meal, or doing anything requiring a commitment of more than ten minutes. (Pl.'s Add'l S.M.F. ¶¶ 24-35.) Plaintiff asserts that the time restriction essentially required her to wait at home where she could only read or watch television. (Pl.'s Add'l S.M.F. ¶¶ 33-34.)

These alleged restrictions on plaintiff's use of her time do not result from any positive restriction on plaintiff's conduct while on call. Instead, they are the incidental result of both the

5

requirement that plaintiff arrive at the Regency twenty to thirty minutes prior to an appointment and plaintiff's own desire to refrain from activities which she may have to suddenly cease. The fact that plaintiff could not engage in all activities that she might otherwise have enjoyed if she were not on call does not mean that she should be considered "working" within the meaning of Maine's wage and hour laws. See Crook, 1987 Me. Super. LEXIS at **9-10 (Certainly, whenever an employee is on call, his leisure time is curtailed; however, the test is not whether an employee's leisure time is restricted to any degree, but rather whether it is so restricted that it is not spent primarily for the employee's benefit, but for the benefit of the employer.").

Further, there was no requirement that plaintiff remain at the Regency while on call, a fact that would weigh heavily in favor of a finding that plaintiff was not working during her waiting hours. See id. at 9; see also 29 C.F.R. § 785.17 (under federal regulations "an employee who is to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on call".  An employee who is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached is not working while on call" ); Gibson v. Power Maint. Int'l, No. 02-37-P-C, 2002 U.S. Dist. LEXIS 20731, at *14 (D. Me. Oct. 24, 2002) (stating that payment is not required under the Fair Labor Standards Act for hours spent at home while on-call); see 29 U.S.C. § 207 (2018) (number of hours an employee may work in a given week); 29 U.S.C. § 216 (2018) (penalties for failure to comply); 29 C.F.R. § 785 (2018) (guidance on determining whether time is "work" time). Finally, plaintiff has failed to distinguish how the time restriction at issue in this case is any more restrictive than the restriction in Crook. 532 A.2d at 1353. Read in the light most favorable to plaintiff as the non-moving party, the summary judgment record shows that the restrictions placed upon plaintiff's use of her free time while on call were not severe enough to

6

establish that that time was spent primarily for the benefit of the Regency. Id. at 1354. Defendant is entitled to a judgment as a matter of law on count I of plaintiff's complaint. Id.; M.R. Civ. P. 56(c).

## B. Count II: Retaliation

"Under Maine law, the cause of action for whistleblower retaliation consists of three elements: (1) that the employee engaged in a protected activity; (2) that the employer took adverse employment action against the employee; and (3) that there was a causal connection between the two." Brady v. Cumberland Cnty., 2015 ME 143, ¶ 32, 126 A.3d 1145. In order to survive summary judgment, a plaintiff must establish a prima facie case for each of these elements. Id. ¶¶ 14, 39. The plaintiff's burden is "relatively light." Id. ¶ 14 (quotations omitted). The McDonnell Douglass burden shifting framework is no longer applicable at the summary judgment stage. Id. ¶¶ 25, 39.

In this case, defendant argues that plaintiff has failed to produce evidence that she engaged in a protected activity and that her termination was causally linked to a protected activity. Defendant concedes that plaintiff's termination constitutes adverse employment action.

### 1. Protected Activity

Maine's Whistleblower Protection Act states:

No employer may discharge . . . an employee . . . because:

A. The employee, acting in good faith . . . reports orally or in writing to the employer or a public body what the employee has reasonable cause to believe is a violation of a law or rule adopted under the laws of this State, a political subdivision of this State or the United States;

B. The employee, acting in good faith . . . reports to the employer or a public body, orally or in writing, what the employee has reasonable cause to believe is a condition or practice that would put at risk the health or safety of that employee or any other individual . . . .

7

26 M.R.S.A. § 833(1)(A), (B) (2016). An employee acts in "good faith" when the report is motivated by a desire to stop the dangerous or unlawful condition. Stewart-Dore, 2011 ME 26, ¶ 11, 13 A.3d 773. A report "is supported by reasonable cause when the employee has a subjective and objectively reasonable belief that a dangerous condition" exists or that a violation of law has occurred. Cormier v. Genesis Healthcare LLC, 2015 ME 161, ¶ 11, 129 A.3d 944; Bard v. Bath Iron Works Corp., 590 A.2d 152, 154-55 (Me. 1991). The reported condition does not actually have to be unsafe or illegal. Galouch v. Dep't of Prof'l & Fin. Regulation, 2015 ME 44, ¶ 14, 114 A.3d 988. The employee is not required to cite the statute or rule that she believes has been violated. Id. ¶ 15.

In this case, plaintiff points to five instances when she reported what she believed to be either dangerous conditions or violations of law. These instances are as follows:

1. In July and August of 2015, plaintiff reported to April Rossignol, the spa manager, and Robin Logan, the human resource manager, that the temperature in the treatment room was rising to over 90 degrees. (Def.'s Supp'g S.M.F. ¶¶ 3-4; Pl.'s Add'l S.M.F. ¶¶ 37-41.)
2. In October of 2015 and February of 2016, plaintiff reported to April Rossignol that she had not been paid for new employee training and that her paycheck failed to include tip money she had earned. (Pl.'s Add'l S.M.F. ¶¶ 56-58, 64-65.)
3. In November or December of 2015, plaintiff reported to management that mold was present in one of the steam rooms. (Pl.'s Add'l S.M.F. ¶¶ 43-54.)
4. In January 2016, plaintiff informed Angela Haskell, the senior spa coordinator, that massage therapist licenses were not posted as required by law. (Pl.'s Add'l S.M.F. ¶¶ 59-63.)
5. In March 2016, plaintiff reported to April Rossignol that disposable plastic mascara wands were being reused. (Pl.'s Add'l S.M.F. ¶¶ 66-71.)

Plaintiff states that she made these reports because she believed that the conditions and practices were dangerous or unlawful and should be remedied. (Pl.'s Add'l S.M.F. ¶¶ 41-42, 53-54, 57, 60, 67, 70.) Consequently, plaintiff both subjectively believed the conditions were dangerous or unlawful and made the reports in good faith. See Stewart-Dore, 2011 ME 26, ¶ 11,

8

13 A.3d 773. Plaintiff's beliefs were also objectively reasonable. Id. The failure to display massage licenses and the failure properly to pay employees both constitute a violation of law or rule. 26 M.R.S. § 626-A (timely and full payment of wages); 02-041 C.M.R. ch. 200, § 1 (display of massage licenses required). It is not unreasonable to believe that the presence of mold, the reuse of unsterilized single-use mascara wands, or excessively hot temperatures can be detrimental to the health and safety of both employees and clients. Accordingly, plaintiff has established a prima facie case that she engaged in a protected activity. 26 M.R.S.A. § 833(1)(A), (B).

2. Causation

In order to establish a prima facie case for the element of causation, an employee must produce evidence that the protected activity "was a substantial, even though perhaps not the only, factor motivating the employee's dismissal." Cormier, 2015 ME 161, ¶ 17, 129 A.3d 944 (quotation omitted). "Temporal proximity of an employer's awareness of protected activity and the alleged retaliatory action may serve as the causal link for purposes of a prima facie case." Daniels v. Narraguagus Bay Health Care Facility, 2012 ME 80, ¶¶ 21-22, 45 A.3d 722.

In this case, plaintiff's termination occurred on April 26 or 27, 2016. Plaintiff has produced evidence that throughout her employment, she brought numerous complaints about safety to the attention of her supervisors. In March of 2016, plaintiff reported that disposable mascara wands were being reused. (Pl.'s Add'l S.M.F. ¶¶ 67, 71.) After her initial reporting, plaintiff made follow up inquiries when she continued to see that the mascara wands were being reused. (Pl.'s Add'l S.M.F. ¶¶ 78, 79.) Plaintiff's termination and her complaints about safety are temporally sufficiently close to support a finding of causation. See Daniels, 2012 ME 80, ¶¶ 21-22, 45 A.3d 722 (the temporal proximity of two months between termination and the protected activity created a triable issue precluding summary judgment). Plaintiff has also produced evidence that April

9

Rossignol warned her that her safety complaints were becoming an issue. (Pl's Add'l S.M.F. ¶¶ 74-75.) Plaintiff has satisfied her burden to establish a prima facie case for the element of causation. Cormier, 2015 ME 161, ¶ 17, 129 A.3d 944.

Defendant, however, argues that summary judgment should be granted because plaintiff is unable to show that her protected activities were a but-for cause of her termination or that the Regency's explanation for terminating her is pretextual. Contrary to defendant's argument, a plaintiff in a WPA retaliation case is required only to present a prima facie case in order to avoid summary judgment; there is no longer any requirement to produce evidence that the employer's explanation of the termination is pretextual. Brady, 2015 ME 143, ¶ 25, 126 A.3d 1145. As discussed, plaintiff has met her required burden of producing evidence sufficient to allow a jury to find that her protected activities were a substantial factor motivating her termination. Id. (a plaintiff must present "evidence that the adverse employment action was motivated at least in part by retaliatory intent"); Caruso v. Jackson Lab., 2014 ME 101, ¶ 17, 98 A.3d 221 ("the 'but-for causation' test is whether the protected whistleblowing activity is a substantial factor motivating the employee's dismissal") (quotation omitted).

The entry is:

> Defendant's Motion for Summary Judgment on Count I of Plaintiff's Complaint is GRANTED. Judgment is entered in favor of Defendant Portland Regency, Inc. and against Plaintiff Tanya LaCroix on Count I of Plaintiff's Complaint.
>
> Defendant's Motion for Summary Judgment on Count II of Plaintiff's Complaint is DENIED.

Date: August 7, 2018

Nancy Mills
Justice, Superior Court

Entered on the Docket: 8-10-18

10

 
Open Case   New Case

 Open Case Search    Open Financials    Print Docket    Reports/Forms

**CASE**
Case Summary

**PARTIES**
Party Details

**COURT OFFICERS**
Attorneys

**EVENTS MANAGEMENT**
Events
Orders
Motions
Warrants

Filter attorneys for party:   - All Parties -

| Attorney | Party | Representation Type | Representation Date |
|---|---|---|---|
| Taylor, Adam | Portland Regency Inc -... | Retained | 08/29/2017 |
| Campbell, Danielle | Tanya Lacroix - 1 Plaintiff | Retained | 08/07/2017 |
| Loranger, Guy | Tanya Lacroix - 1 Plaintiff | Retained | 08/07/2017 |