MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2019 ME 54
Docket:        Oxf-18-248
Argued:        February 6, 2019
Decided:       April 11, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

MICHAEL A. LEE

v.

TOWN OF DENMARK

SAUFLEY, C.J.

[¶1]  Michael A. Lee appeals from a summary judgment entered by the Superior Court (Oxford County, *Stokes, J.*) in favor of his employer, the Town of Denmark, on Lee's claim that the Town violated Maine's Whistleblowers' Protection Act (WPA), 26 M.R.S. §§ 831-40 (2018),[1] by suspending Lee after he engaged in WPA "protected activity."  Lee argues that the court erred as a matter of law in concluding that Lee did not engage in protected activity when he informed the Town that it had breached his employment contract and in so

---

[1]  The court also granted summary judgment to the Town on Lee's defamation, slander, and unpaid wages claims, *see* 26 M.R.S. §§ 664, 670 (2018).  Lee does not appeal these portions of the judgment, and we do not discuss them further.  *See Holland v. Sebunya*, 2000 ME 160, ¶ 9 n.6, 759 A.2d 205 ("The failure to mention an issue in the brief or at argument is construed as . . . failure to preserve that issue.").

doing had violated Maine statutes and the Town's charter. We affirm the judgment.

[¶2] The pertinent facts in this case are not complicated and are undisputed. We draw the facts from the parties' statements of material facts, all of which are supported by references to the evidentiary record, viewing them in the light most favorable to Lee as the nonprevailing party. *See Remmes v. Mark Travel Corp.*, 2015 ME 63, ¶ 3, 116 A.3d 466.

[¶3] From 2003 to 2014, Lee worked under a written employment contract with the Town to serve as a part-time Code Enforcement Officer (CEO). The contract provided that Lee was to "perform all duties as specified by the Law and ordinance and to perform *such other* proper duties . . . as assigned by the Board of Selectmen." (Emphasis added.)

[¶4] In September 2014, the Town's newly hired Town Manager directed Lee to report directly to him as the Town Manager, rather than to the Board.[2] Lee complained to the Town Manager and the Board that the directive was "illegal and a violation" of Lee's employment contract with the Town because he interpreted the contract to require that he report to the Board, not the Town

---

[2] The dispute appears to have been precipitated by the new Town Manager's request that, as CEO, Lee should arrange to be available to the public during certain predictable office hours during each month. Lee objected to that requirement.

3

Manager. Lee also asserted that the CEO position was controlled by the laws of the State of Maine. *See* 30-A M.R.S. §§ 2601, 2601-A, 4451 (2018).

[¶5] In April 2015, the Board of Selectmen approved a new job description for the CEO position, which was offered to Lee. Lee objected to the new job description, stating that it breached his contract and "to change the CEO [j]ob description, [the Town] would need to form a Charter Commission and then have a public meeting to call a special election."

[¶6] In May 2015, the Town Manager placed Lee on paid administrative leave, later changing it to leave without pay and recommending Lee's termination, pending an investigation into whether Lee had falsified work hours. Shortly thereafter, the Town Manager resigned, and the Denmark Board of Selectmen voted unanimously to rescind Lee's suspension upon finding that he had not falsified his hours.

[¶7] Lee filed a complaint with the Maine Human Rights Commission and, after receiving a right-to-sue letter, *see* 5 M.R.S. § 4612(6) (2018), he filed a complaint against the Town in the Superior Court (Oxford County) for a violation of the Maine WPA, 26 M.R.S. §§ 831-40. The Town moved for summary judgment pursuant to M.R. Civ. P. 56, and the court granted the Town's motion, concluding that Lee had not engaged in WPA-protected activity,

a necessary element to succeed in a WPA claim.[3] *See* 26 M.R.S. § 833(1)(A) (2018). Lee timely filed a notice of appeal. M.R. App. P. 2B(c)(1).

[¶8] Because the material facts are not in dispute, we review the court's interpretation of the WPA de novo. *See Remmes*, 2015 ME 63, ¶ 19, 116 A.3d 466. To satisfy the first element of a WPA claim, the record must establish that Lee reported to his employer what he had reasonable cause to believe was his employer's unlawful activity.[4] *See Galouch v. Dep't of Prof'l & Fin. Regulation*, 2015 ME 44, ¶ 12, 114 A.3d 988. "The reasonable cause requirement is met only when the employee presents evidence showing she had a subjective belief" that the employer engaged in illegal activity *and* the "belief was objectively reasonable in that a reasonable person might have believed" illegal activity occurred. *Stewart-Dore v. Webber Hosp. Ass'n*, 2011 ME 26, ¶ 11, 13 A.3d 773 (quotation marks omitted).

---

[3] To establish a prima facie claim of retaliation under section 833 of the WPA, an employee must "show that (1) he engaged in activity protected by the WPA; (2) he experienced an adverse employment action; and (3) a causal connection existed between the protected activity and the adverse employment action." *Galouch v. Dep't of Prof'l & Fin. Regulation*, 2015 ME 44, ¶ 12, 114 A.3d 988 (quotation marks omitted)*.*

[4] Here, the court reached only the first element in concluding that Lee did not establish a prima facie case of retaliation, and because we agree with the court's conclusion on that element, we also do not reach the second or third element.

5

[¶9]   Notwithstanding the absence of explicit language in the contract regarding an alleged "reporting" requirement,[5] Lee argues that the Town breached his employment contract by requiring him to report to the Town Manager as opposed to the Board and by suggesting that a new employment contract would be imposed to clarify his reporting responsibilities, and that "he reasonably believed" these alleged breaches were illegal.  He argues, in essence, that three sections of statute—30-A M.R.S. §§ 2601, 2601-A, 4451—and the CEO job description, formed by the Town's charter, neither of which identifies the person or entity to whom the CEO must report, demonstrate the presence of an illegality.

[¶10]   His argument fails.  As we have previously held, to satisfy the reasonable cause requirement, the employee must report something other than an ordinary breach of an employment contract to bring himself within the provisions of the Whistleblower Protection Act.  *See Galouch*, 2015 ME 44, ¶¶ 15-16, 114 A.3d 988; *Bard v. Bath Iron Works Corp.*, 590 A.2d 152, 153-54

---

[5]   Pursuant to the contract, the Board has the authority to *assign* such other duties to Lee. (Emphasis added.)  It does not necessarily follow that the contract requires Lee to *report* to the Board.

6

(Me. 1991).   A dispute over the interpretation of an employment contract, without more, as is the case here, does not constitute a report of illegal activity.[6]

[¶11]  Moreover, even if Lee subjectively believed that the Town's action violated Maine law or the Town's charter, his "subjective belief alone is insufficient to meet the WPA's 'reasonable cause' requirement" because neither the law nor the charter, "by any reasonable reading," makes the Town's actions unlawful.  *See Galouch*, 2015 ME 44, ¶¶ 15, 15 n.4, 114 A.3d 988 (quoting 26 M.R.S. § 833(1)(A)).  We affirm the court's judgment.

The entry is:

Judgment affirmed.

Guy D. Loranger, Esq. (orally), and Danielle Quinlan, Esq., Old Orchard Beach, for appellant Michael A. Lee

Tyler J. Smith, Esq. (orally), and Timothy J. O'Brien, Esq., Libby O'Brien Kingsley & Champion, LLC, Kennebunk, for appellee Town of Denmark

Oxford County Superior Court docket number CV-2016-65
FOR CLERK REFERENCE ONLY

---

[6]  This does not mean that a breach of an employment contract cannot also constitute "illegal activity" for purposes of a WPA claim.  For example, the employer's breach of an employment contract that results in requiring the employee to engage in a crime could provide a basis for a Whistleblower action.  This, however, is not one of those circumstances.