STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
PORSC-CV-21-351

UNION MUTUAL FIRE INSURANCE
COMPANY,

Plaintiff,

v.

HAIER US APPLIANCE SOLUTIONS,

Defendant

**ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT**

REC'D CUMB CLERKS OFC
DEC 14 '22 AM8:20

Before the court is a Motion for Summary Judgment by Defendant Haier US Appliance

Solutions ("Haier") on Plaintiff's complaint.

**Background**

The complaint alleges that insureds of Plaintiff Union Mutual Fire Insurance Company

("Union Mutual") suffered a property loss when a Haier-manufactured dishwasher

malfunctioned causing extensive flooding in their home. Union Mutual covered the damages in

the amount of $72,000.82. Union Mutual brought this action for subrogation against General

Electric Company on 9/23/21 and, with court approval, amended its complaint on 5/25/2022 to

replace General Electric with Haier as the Defendant. Union Mutual alleges negligence and

breach of warranty and seeks $72,000.82 in damages, plus interest and costs.

Haier moves for summary judgment on the grounds that Union Mutual cannot show

necessary elements of its claims. Haier originally based its motion, in part, on the lack of an

expert witness designation. The parties now agree that Union Mutual did notify Haier of its

expert witness, Tom Zarek. The issue is whether Union Mutual put forth competent evidence

necessary to avoid summary judgment.

1

**Legal Standard**

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may move with or without supporting affidavits for summary judgment in the party's favor upon all or any part thereof. M.R. Civ. P. 56(a). A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits referred to in the Rule 56(h) statements show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c). The court may not decide any genuine issue of fact on a summary judgment motion. *Cottle Enters., Inc. v. Town of Farmington*, 1997 ME 78, ¶ 11, 693 A.2d 330. A factual dispute is material if it may affect the outcome of the litigation. *Stewart-Dore v. Webber Hosp. Ass'n*, 2011 ME 26, ¶ 8, 13 A.3d 773. The facts must be considered in the light most favorable to the non-moving party, and the court will resolve factual disputes against the moving party. *Mahar v. StoneWood Transp.*, 2003 ME 63, ¶ 8, 823 A.2d 540.

A party opposing summary judgment 'must establish a prima facie case for each element of the cause of action.'" *Murdock v. Thorne*, 2017 ME 136, ¶ 11, 166 A.3d 119. To do so, they must provide the court with sworn testimony providing competent, admissible, evidence. M.R.Civ.P. 56(e),(h); *Searles v. Trustees of St. Joseph's College*, 1997 ME 128, ¶ 9, n. 2. The court does not consider hearsay testimony. *Searles,* ¶9, n. 2.

**Discussion**

After review of the record, the court finds that the motion for summary judgment should be granted. The parties' briefs demonstrate that they have agreed that Union Mutual successfully

2

designated Zarek as an expert. However, they still disagree about whether his testimony would enable a factfinder to decide that Union Mutual has shown certain elements of its claims.

## DISCUSSION

Union failed to generate a genuine issue of material fact. The Additional Statements of Material Fact referenced a report of Tom Zarek, an engineer. SMF ¶¶ 4-7. They indicate that Zarek determined the source of a leak was a water inlet valve. The valve guide tube was fractured. As a result, there was an uncontrolled release of water into the dishwasher chest.

The report was attached to an affidavit of counsel. There was no affidavit from Zarek. The report is hearsay and is inadmissible. Therefore, the court should disregard it. Without it, the Statement of Material Facts do not generate any factual issue in dispute.

Even if the report were admissible evidence that could support Union Mutual's opposing statement of material facts, the report does not contain sufficient information to support a finding that Haier breached a duty or that the dishwasher was defective when sold. An expert report stating that after twelve years of use a leak occurred in a water inlet valve is insufficient to show negligence. There is no evidence that it was a design defect or a manufacturing defect. *See Walker v. Gen. Elec. Co.*, 968 F.2d 116, 119 (1st Cir. 1992) (affirming district court's dismissal of negligence claim where plaintiffs did not present evidence establishing defendant violated the standard of care in manufacture or design of a toaster). The report also does not support a breach of warranty claim. There is also no evidence that any defect existed at the time the unit was sold. The expert did not make any effort to rule out ordinary wear or tear or explain why the current leak was the result of a defect that existed 12 years ago. *Suminski v. Me. Appliance Warehouse, Inc.*, 602 A.2d 1173, 1175 (Me. 1992) (insufficient evidence on breach of warranty claim where no evidence that the product was defective at the time it was sold.).

3

After review of the undisputed record, the court finds that Haier is entitled to judgment as a matter of law on Union Mutual's claims. Therefore, it grants Haier's motion.

The entry is:

Defendant Haier's Motion for Summary Judgment is GRANTED.

The clerk may enter this Order on the docket by reference. M.R. Civ. P. 79(a).

Date _12/13/22_           _____

Thomas R. McKeon
Justice, Maine Superior Court

4